[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM CT Page 8019-w
The plaintiffs have appealed, pursuant to Connecticut General Statutes12-117a, from the defendant City's assessment of its personal property for the tax years 1991 through 1998. On October 29, 1999 and on December 7, 1999, during the pendency of this action, the defendant City's tax assessor sent notice to the plaintiffs of its intent to conduct an audit of the plaintiffs' personal property pursuant to its authority under C.G.S. 12-53 for the preceding three years. The plaintiff has filed motions to quash the assessor s notices on the grounds that the assessor no longer has the statutory authority to audit the plaintiffs personal property for years which are the subject of a pending appeal in the Superior Court.
C.G.S. 12-53 provides, in pertinent part: "(b) If the assessor or board of assessors of any town believe that taxable property has been omitted from the list given in by any person or that taxable property belongs to any person who has not given in a list, or if the assessor or board of assessors are unable to determine the value of any property without the assistance of the owner, custodian or other person having knowledge of the same, they may give notice in writing to the owner, custodian, or other person having knowledge of any such property or the valuation thereof, of the time and place of a hearing with respect thereto. Such notice shall, within three years after the due date for the filing of such list or within three years after the date on which such list is received by the assessor or board of assessors, if later, be placed in the hands of such person or left at his usual place of residence or business or shall be sent to him by registered or certified mail at his last known place of residence or business." This statute has been interpreted as not only permitting an assessor to add omitted property to a property list but also to revalue and reassess for tax purposes property that had already been listed and valued on a grand list within the previous three years. United Illuminating Co. v. New Haven,240 Conn. 422 (1997). Contrary to the City's assertions, while UnitedIlluminating may be fairly read as an affirmation of an assessor s broad powers pursuant to C.G.S. 12-53 it does not bear on the question of whether an assessor's "look back" authority is limited once an appeal has been taken to the Superior Court as to property which is the subject of the appeal. The court has found no appellate guidance on this precise issue.
Since C.G.S. 12-53a does not expressly give a tax assessor the authority to conduct an audit of property which is the subject of a CT Page 8019-x pending tax appeal, the court looks to axioms of statutory interpretation as well as to legal principles concerning the interpretation of statutes relating to the exercise of municipal authority over taxpayers. The powers of taxation by a municipality can be exercised only in strict conformity with the terms of the statutes, and any doubt as to the power to tax is strictly resolved against the municipality and in favor of the taxpayer. Pepin v. City of Danbury, 171 Conn. 74, (1976).
When interpreting a tax statute, the Court may properly consider "its relationship to existing legislation." Id. at 431. It is axiomatic that, when possible, statutes in the same legislative chapter should be read as congruent so as to give them a harmonious effect and that, where possible, statutes should not be read to lead to bizarre results. Therefore, in construing the powers of a municipal tax assessor pursuant to C.G.S. 12-53a, the court is mindful of the provisions of C.G.S. 12-117a
relating to tax appeals to the superior court. C.G.S. 12-117a provides, in pertinent part, that any person who claims to be aggrieved by a decision of the board of tax review or the board of assessment appeals may take an appeal to the superior court where the parties are entitled to a hearing de novo concerning the valuation of the subject property. Since a tax appeal is a civil matter, the parties are entitled to pretrial discovery as provided for in the Practice Book.
Given the broad authority of the superior court to value property in a tax appeal, it would satisfy no legislative purpose of C.G.S. 12-53a to construe its provisions as authorizing an assessor to conduct an audit contemporaneously with a pending appeal. Such an interpretation would lead to the bizarre result that a judicial determination of the value of the subject property could be effectively held in abeyance pending an untimely notice of audit by an assessor hesitant to expose his valuation to judicial scrutiny. Additionally, such a construction would result in the assessor having the ability to subject an aggrieved property owner to the audit process, without judicial supervision, while simultaneously defending a tax appeal In a judicially-monitored process. A determination that C.G.S. 12-53a does not authorize an assessor to conduct an audit for property presently the subject of an appeal to the superior court does not prevent the assessor from obtaining, through discovery, information, including inspection, from the appellant material to the issue of valuation. To construe C.G.S. 12-53a as permitting an assessor to conduct a property audit for property subject to a pending appeal would thwart the purpose of C.G.S. 12-117a which is to give to an aggrieved property owner the right to judicial recourse following exhaustion of administrative appeals, and to give to all affected parties the right to present evidence to the court for its de novo determination of the CT Page 8019-y property's value.
Accordingly, the plaintiffs' motion to quash the notice of hearing is granted.
BISHOP, J.